## UNITED STATES v. GUEST.

### No. 188.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Louis Flato, of New York City, for appellant.

Martin Conboy, U. S. Atty., of New York City (Francis A. Mahony, J. Howard Carter, and Charles T. Murphy, Asst. U. S. Attys., all of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

There is ample evidence to support the jury's verdict that the defendant devised a fraudulent scheme and used the mails for the purpose of carrying it out. Under assumed names he hired the privilege of having mail delivered at an office on Fifth avenue, and later at 276 West Forty-Third street, New York City. To this address he invited his intended victims to send a deposit of money, accompanied by an order blank for garments to be worked on at home, promising to return the deposit and pay for the work when it should be completed. Having received their letters, he neither sent the garments nor returned their deposits.

The indictment charges that, for the purpose of executing this scheme, the defendant, on December 26, 1930, at the Southern district of New York, caused to be sent and delivered by the post office a letter inclosed in a postpaid envelope addressed to himself at 276 West Forty-Third street, New York City. It is earnestly argued that this indictment fails to charge a crime under section 215 (18 USCA § 338). That section defines three crimes; it forbids the deviser of a fraudulent scheme (1) to post or cause to be posted any letter to be sent or delivered by the post office establishment; (2) to take or receive any such letter therefrom; or (3) to "cause to be delivered by mail according to the direction thereon * * * any such letter." As to the first, it is urged that the crime was committed in Pennsylvania where the letter was posted. Whether a defendant who sets in motion in New York a train of events intended to cause and causing an innocent agent outside the state to post a letter there may not be prosecuted here as well as there for such posting we need not now decide. As to the second, it is said that there is no charge of taking or receiving the letter by the defendant. With this contention we could hardly agree were the question before us, for it is not necessary for an indictment to use the exact words of the statute (Olsen v. United States, 287 F. 85 [C. C. A. 2]), and a charge of delivery to the defendant would seem a sufficient allegation that he received it. However, as the trial judge expressly instructed the jury that the defendant was not on trial for taking or receiving a letter from the post office, this clause of the statute cannot be used to support the conviction. As to the third crime, it is argued that this clause relates only to a letter delivered to a third person, since to hold it to include a letter addressed to the defendant himself would make it to that extent a duplication of the clause defining the second crime. But the language literally covers delivery to any addressee, and no sound reason appears for reading into it a limitation not expressed. The purpose of the statute is to prohibit the use of the mails in furtherance of a scheme to defraud and to punish one who procures such use, whether he acts through innocent agents or otherwise. See United States v. Kenofskey, 243 U. S. 440, 37 S. Ct. 438, 61 L. Ed. 836; Smith v. United States, 61 F.(2d) 681 (C. C. A. 5); Spear v. United States, 246 F. 250 (C. C. A. 8); Demolli v. United States, 144 F. 363, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121 (C. C. A. 8). If pursuant to a fraudulent scheme a defendant causes to be posted and delivered a letter addressed to himself, he may commit all three of the crimes defined by the statute.

It is also argued that the indictment fails to charge that the defendant caused the letter to be delivered "according to the direction thereon." This is without substance. The indictment charges that he caused the letter "to be delivered," and there is a presumption of delivery to the addressee. Hagner v. United States, 285 U. S. 427, 431, 52 S. Ct. 417, 419, 76 L. Ed. 861.

The argument that the letter made the basis of the indictment is not specifically identified in the indictment is met by Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709, and Hagner v. United States, supra. One accused of crime must be apprised of the charge brought against him in order that he may prepare his defense and may be able to plead the judgment as a bar to any subsequent prosecution for the same offense. It is true that any one of several letters would fit the description of the present indictment, but, had the defendant wanted further specification, he could have called for a bill of particulars. Durland v. United States, supra. Without it no harm was done him; he knew

the charge against him, and the record will enable him to prove what letter he was convicted of having caused to be delivered, should he be prosecuted again. "The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded." Hagner v. United States, supra.

See, also, 18 USCA § 556.

Finding no error, we affirm the judgment.