## UNITED STATES v. HOLDSWORTH.

### No. 4715. Cr.

United States District Court
D. Maine, S. D.

June 17, 1949.

Appeal Dismissed Feb. 7, 1950.
See 179 F.2d 933.

Alton A. Lessard, U. S. Atty., Portland, Maine, Edward J. Harrigan, Asst. U. S. Atty., Portland, Maine, Joseph M. Hargedon, Sp. Asst. U. S. Atty., Boston, Mass., for plaintiff.

Edward S. Titcomb, Sanford, Maine, Edward M. Dangel, Boston, Mass., Leo E. Sherry, Boston, Mass., Franklin, R. Chesley, Portland, Maine, for defendant.

CLIFFORD, District Judge.

The defendant in this action has presented to this court a motion to dismiss on jurisdictional grounds the indictment brought against him.

The following is a brief statement of the proceedings which have thus far taken place.

On June 24, 1946 the Grand Jury of the District Court of the United States for the District of Massachusetts returned an indictment containing twenty-seven counts charging Clifford Holdsworth and Lloyd C. Greene with violations of Title 18, Section 338 [now § 1341] of the United States Code, commonly known as the Mail Frauds Statute, and with a conspiracy to violate this statute, such conspiracy being a violation of Title 18, Section 88 [now § 371] of the United States Code. The first twenty-six counts set forth specific alleged mailings and the twenty-seventh count alleged a conspiracy.

Count One of the indictment, consisting of fifteen paragraphs, sets forth the alleged scheme to defraud and, in the fifteenth paragraph, describes an alleged mailing in the following language:

"That on or about the fifteenth day of September in the year nineteen hundred and forty-three, at said Boston, the defendants, for the purpose of executing the aforesaid scheme and artifice, and attempting to do so, caused to be placed in an authorized depository for mail matter, a letter containing a statement addressed to the Goodall Worsted Company, Sanford, Maine, to be sent and delivered by the Post Office establishment of the United States."

The same language, with the exception that different dates were set forth, is contained in Counts Two, Three, Four, Five, Six, Seven, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Three, and Twenty-Five.

Count Eight is as follows:

"The grand jury realleges all of the allegations of Count One of this indictment, except those contained in the last paragraph thereof, and further says that on or about September 16th, 1943, at said Sanford, the defendants for the purpose of executing said artifice and scheme and attempting to do so caused to be placed in an authorized depository for mail matter, a letter containing a check addressed to Robert M. Pitt Company, Incorporated, Boston, Massachusetts, to be sent and delivered by the Post Office establishment of the United States."

The same language, with the exception of the date, is contained in Counts Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four, and Twenty-Six.

The first mentioned group of allegations concerns mailings in Massachusetts; the second group concerns mailings in Maine.

Motions addressed to the sufficiency of the indictment were submitted to the Massachusetts District Court. Rulings on these motions, however, were not made for the reason that on January 27, 1947 the presiding District Judge granted the defendants' motion under Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., to transfer the proceeding to the District of Maine, his Memorandum of Decision being as follows:

"It appears from the indictment in this case, * * * that the offenses were committed in both the districts of Massachusetts and Maine. Under Rule 21(b), F.R.C.P., defendants move to transfer the proceeding to the District of Maine.

"Having considered the arguments and affidavits submitted by counsel for both parties relative to the residence of witnesses, the location and bulk of probable documentary evidence, and the locale in which the alleged fraud was principally executed, I am satisfied that in the interest of justice this case should be transferred."

The Government opposed the granting of the motion to transfer on the grounds that much of the documentary evidence in the case and many of the witnesses were in Boston and that the defendants would not suffer injustice by a trial in Boston (Record of Hearing, December 16, 1946, pp. 48–52). No mention was made at this time by attorneys for either party of the point now raised by defendant Holdsworth, namely, that the case is not one which can properly be transferred under Rule 21(b).

A delay was occasioned in part by a preliminary hearing in the Maine State Courts, on a civil proceeding between defendant

Holdsworth and Goodall-Sanford, Inc., the alleged aggrieved party in this indictment, involving the same course of dealings which gave rise to this criminal proceeding. See Equity case number 1278, Superior Court of York County, Maine, entered May 6, 1947.

Thereafter a hearing was had in the United States District Court for Maine, on February 9, 1948 on various motions by the two defendants attacking the sufficiency of the indictment. Briefs were duly filed and arguments made. As happened in the United States District Court for the District of Massachusetts, none of these arguments or briefs raised the point now in issue before this court. Like the Massachusetts District Court, this court acted upon the merits of the case, and issued its opinion, D.C., 77 F.Supp. 148, followed by appropriate decree, dismissing the indictment as to defendant Greene and dismissing the conspiracy count.

Subsequently, on December 7, 1948, the defendant Holdsworth caused a subpoena duces tecum to issue to Goodall-Sanford, Inc., commanding it to produce various books and records deemed material to his defense by the defendant. Goodall-Sanford, Inc., then filed a motion to quash the subpoena on the ground that compliance would be unreasonable and oppressive. On December 28, 1948 this Court issued its order clarifying and modifying the subpoena and sustaining it as modified. Then followed several weeks during which the various records were inspected in accordance with the terms of the order of court.

The above proceedings were taken by way of preparation for the trial, the date of which had been tentatively set. It was at this point, shortly before trial was to have begun, that the following written motion was submitted on which hearing has been had, arguments made, and briefs filed:

"The defendant moves that the indictment be dismissed on the following grounds: 1. The Court is without jurisdiction because the offenses, if any, are cognizable only in the District Court of the United States for the District of Massachusetts, where the indictment was brought."

Consideration of the question of this court's jurisdiction of the subject matter of this indictment has not been foreclosed by anything which has occurred in the proceeding up to the present time. Rule 12(b) (2) of the Federal Rules of Criminal Procedure plainly states that "lack of jurisdiction * * * shall be noticed by the court at any time during the pendency of the proceeding." This Court rules that the defendant's motion is properly before it at this time.

Of prime importance to a consideration of this motion is Rule 21(b) of the Federal Rules of Criminal Procedure governing transfer of criminal proceedings:

"(b) Offense Committed in Two or More Districts or Divisions. The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

The argument now asserted by the defendant is (1) that the first twenty-six counts allege twenty-six separate crimes (i. e., mailings), half of which were committed in Massachusetts, and half of which were committed in Maine; (2) that the twenty-seventh count alleges a conspiracy with overt acts in both Districts; (3) that the only part of the indictment which fulfills the requirements of Rule 21(b) is the conspiracy count, but that in order for a proceeding to be transferrable to another district all parts of it, that is, all counts, must meet the requirements, partial transfer not being authorized by the Rules, and (4) that the fact that the case was improperly transferred from Massachusetts to Maine is a jurisdictional defect which deprives this Court of any power to proceed further with this case.

The issue is a narrow one: Was "the offense charged by the indictment" committed both in Massachusetts and in Maine?

■ The conspiracy count, were it to appear alone in the indictment, clearly describes an offense committed in both states, and under proper circumstances would be transferable. Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614. However, it is the indictment as a whole which has been transferred to this Court, and Rule 21(b) merely makes mention of the transfer of "the proceeding". Any count of the indictment which states an offense committed solely in Massachusetts could not be transferred to this court under the terms of the rule.

■ The offense of placing a letter in the mails in Massachusetts with intent to defraud is expressly charged in each of thirteen counts of the present indictment. "Each letter so taken out or put in constitutes a separate and distinct violation of the Act." In re Henry, 1887, 123 U.S. 372, 8 S.Ct. 142, 143, 31 L.Ed. 174. As stated in Mitchell v. United States, 10 Cir., 1944, 142 F.2d 480, at page 481,

"The plain distinction lies in the difference between one continuing offense which may be consummated by a single or plural acts over a period of time (citing cases) and an indictment which alleges a continuing scheme and artifice to defraud, which is made criminal under the law each and every time the mail is used in execution thereof, and only when and if the mails are used.

"The indictment here under consideration does not allege a continuing offense, but rather a continuing scheme, which is made criminal by the separate use of the mails in the execution thereof, thereby constituting a separate and distinct crime each time the mails were used."

■ Each count must stand alone when the jurisdiction of the Court over the indictment is challenged. United States v. Hughes Tool Co., D.C.D.Hawaii 1948, 78 F.Supp. 409.

■ Under the statute defining the offense of using the mails to defraud, 18 United States Code, Section 338, three distinct crimes are set out and distinguished. These are (with intent to defraud) (1) placing or causing to be placed any article or communication in the mails of the United States, to be sent or delivered according to the direction thereon; (2) taking or receiving any article or communication from the mails of the United States; and (3) knowingly causing any article or communication to be delivered by mail according to the direction thereon.

■ These offenses are not different and diverse descriptions of a single crime, but separate crimes; and a single mailing may expose the offender to prosecution for all three crimes: United States v. Guest, 2 Cir., 1935, 74 F.2d 730. Of these three crimes, but one is relevant to the point now at issue. That one is the first named above. The thirteen counts alleging mailings in Massachusetts describe crimes which were begun and completed in Massachusetts. Even though the allegation in each of these counts may imply the commission by defendants of a further crime in the district where the letters were to be delivered, still the offense charged is the single one of mailing, completed when the letter entered the mail box. No one of those thirteen counts, standing alone in an indictment, would be transferable under Rule 21(b).

■ If any part of the indictment is non-transferable, no part of the indictment may be transferred; United States v. Hughes Tool Co., D.C.D.Hawaii 1948, 78 F.Supp. 409. In the Hughes Tool Company case, two counts of the indictment alleged conspiracy taking place in Hawaii and California, and three counts alleged overt acts which had occurred in Hawaii. The court rejected defendants' petition to transfer the case to a California Court, while admitting that trial in California would be conducive to the convenience of defendants. The decision rested on the fact that the last three counts could not be transferred, because each of them was descriptive of an offense committed only in Hawaii and the District Court of California could have no jurisdiction of an offense committed solely in another District.

■ The question of the jurisdiction of this Court in a criminal proceeding such as that at bar involves not only the powers of this court under the Federal Rules of Criminal Procedure, but also the fundamental constitutional rights of the defendant. The constitution of the United States, Article III, section 2, clause 3, provides that "The Trial of all Crimes * * * shall be held in the State where the said Crimes shall have been committed * * *." No action of the defendant can serve as a waiver of this jurisdictional requirement. No action of this court, done in disregard of this requirement, can render the requirement inoperative.

■ This court is of the opinion that, notwithstanding the case was transferred to this court on motion of the defendant, and notwithstanding this court has held hearings and issued orders in the proceedings, this court has had no jurisdiction to deal with the matter at any time, and that the orders hitherto issued by this court in this proceeding are of no effect and void.

The single question remains as to the disposition to be made of the proceeding. The case of Brown v. Heinen, D.C., D. Minn., 3rd Div., 1945, 61 F.Supp. 563, deals with the question, with reference to a civil action, and reaches what appears to this Court as the proper solution. There the court found that the case had been improperly transferred to it, and ordered the case remanded to the court of original venue. It appears to this court that if the above solution was proper in a civil case, it is all the more warranted in a criminal action like the present one.

■ The general rule, to this effect, is stated in 67 C.J., Venue, Sec. 358, p. 215:

"Where there is an order for a change of venue in a case not authorized by law, the court to which the transfer is ordered may direct the case to be retransferred. * * *"

■ As shown above, it would appear that this court has no power to deal with the present case on the merits, and that it therefore has no power to dismiss the proceedings. In the words of Brown v. Heinen, supra, 61 F.Supp. at page 565:

"* * * the power to remand would seem incident to the court's power to determine whether it possesses jurisdiction over the case."

In view of all the circumstances, therefore, this court feels compelled to rescind all orders heretofore issued by it in this case and to retransfer the entire proceeding to the United States District Court for the District of Massachusetts. An order to this effect may be submitted.