**HOLDSWORTH v. UNITED STATES**
(two cases).

Nos. 4453, 4454.

United States Court of Appeals
First Circuit

Feb. 7, 1950.

Motion to Modify Opinion Overruled
April 13, 1950.

Edward S. Titcomb, Sanford, Me. (Franklin R. Chesley, Portland, Me., and Dangel & Sherry, Boston, Mass., on the brief), for appellant.

Joseph M. Hargedon, Asst. U. S. Atty. [Massachusetts], Boston, Mass. (George F. Garrity, U. S. Atty. [Massachusetts], Boston, Mass., and Alton L. Lessard, U. S. Atty. [Maine], Portland, Me., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and GOODRICH and WOODBURY, Circuit Judges.

GOODRICH, Circuit Judge.

These appeals involve the propriety of retransferring a criminal case which has already been transferred from one district to another under Rule 21(b),[1] Federal Rules of Criminal Procedure, 18 U.S.C.A., and the question of whether such a retransfer order is subject to review by appeal.

The defendant Holdsworth, who is appellant here, and a man named Greene, who is not directly involved in these appeals, were indicted in the District of Massachusetts for violations of the mail fraud statute. 18 U.S.C.A. § 338(1946) [revised § 1341]. One of the indictment's twenty-seven counts charges a conspiracy, and the remaining counts can be divided into two groups. Half of them, with differences only as to dates, recite that "various invoices, confirmations and bills of lading were deposited, sent and caused to be sent by said defendants by the United States mail from the Robert M. Pitt Co., Incorporated, at said Boston [Massachusetts], to the Goodall Worsted Company at said Sanford [Maine]." The other half, in similar language, allege mailings from Sanford to Boston.

Upon motions filed by the defendants in the District of Massachusetts, the case was transferred to the District of Maine, pursuant to Rule 21(b). The Maine court proceeded to hear and dispose of motions filed in connection with the case, and went so far as to dismiss the indictment as to the defendant Greene, which had the further effect of quashing the conspiracy count. D.C., 77 F.Supp. 148. Then, on June 17, 1949, acting on motions to dismiss by Holdsworth, the Maine court filed an opinion indicating that it lacked jurisdiction to try the case. D.C., 9 F.R.D. 198, 203. The court felt "compelled to rescind all orders heretofore issued by it in this case and to retransfer the entire proceeding to the United States District Court for the District of Massachusetts." Holdsworth immediately filed a notice of appeal, and filed a second notice after the Maine court issued an order in accordance with its opinion. The United States has moved in this court to dismiss the appeals as interlocutory.

■ The government is correct in its contention that the appeals must be dismissed as premature. The first appeal may be easily disposed of. An appeal does not lie from a mere opinion of the district court. Wright v. Gibson, 9 Cir., 1942, 128 F.2d 865. The second appeal, taken from the order of retransfer, must likewise be dismissed as wanting in the finality required by 28 U.S.C.A. § 1291,[2] as a brief consideration of the matter will show.

This court has alluded in the past to the "strong general policy against allowing piecemeal appeals." In re Forstner Chain Corp., 1 Cir., 1949, 177 F.2d 572, 575; Parker v. United States, 1 Cir., 1946, 153 F.2d 66, 69, 163 A.L.R. 379. That policy is not of our creation; it is expressed by the Congress in the legislation which confers and limits the authority of the Courts of Appeals. A glance at the annotations to this section of the code will show how difficult the application of a superficially simple rule may become.

■ To paraphrase the last statement of the Supreme Court upon the point, the

1. "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

2. "The courts of appeals shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States * * * [emphasis added]."

question is not whether the court which issued the order is through with the case, but whether the matter below remains "open, unfinished or inconclusive." Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225. The statute does not permit appeals "even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." Ibid. The order appealed from here will still be open to correction if and when judgment is reached on the principal issue of appellant's guilt. And by that time there is always the possibility that the prosecution will have failed, so that it may not be necessary for us to pass upon the order at all.

■ Our views on the finality of a transfer order are strengthened by the statement of the Supreme Court in United States v. National City Lines, a case involving the application of the limited statutory enactment of the doctrine of forum non conveniens[3] to a civil anti-trust proceeding. " * * * it is at least doubtful whether the Government had a right to appeal from the order of transfer in the criminal case. * * * The precise point apparently has not arisen since the adoption of Rule 21(b) [Fed.R.Crim.P.], but there would seem to be no statutory basis for appeal from an order of this type." 1948, 334 U.S. 573, 594, 68 S.Ct. 1169, 1180, 92 L.Ed. 1781. [The second sentence comes from a footnote on the same page.] Moreover, it has been decided that an appeal may not be taken from a transfer order in a civil case. Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360. We can see no ground for treating Rule 21(b) differently in this respect from the corresponding civil transfer provisions of 28 U.S.C.A. § 1404.

What has been said disposes of the appeals. But since this case should be tried or otherwise disposed of and since those concerned are in evident confusion as to the appropriate forum, the practical need for clarification overcomes the reluctance to issue what may be termed obiter dictum. We proceed therefore to state the legal problem and its answer as it appears to us.

The District Judge in Maine was confronted by the decision of the District Court of Hawaii in United States v. Hughes Tool Co., D.C. Hawaii 1948, 78 F. Supp. 409. The court in that case held that indictments must be tried in the district having jurisdiction of all of its counts and that if only some were transferable under Rule 21(b), the transfer could not be made. Although that case did not involve prosecution for using the mails to defraud, the Maine court in this case thought it was applicable to the indictment before it. The reason why that conclusion was reached and why we think it is incorrect will be stated presently. We want it to be clear that we are neither approving nor disapproving the Hughes Tool Co. case because in our view it does not bear upon the problem presented here.

This indictment, it will be remembered, contains thirteen counts charging the mailing of letters from Boston, Massachusetts, to Sanford, Maine. It also contains thirteen counts for mailing letters from Sanford, Maine, to Boston, Massachusetts. The conspiracy count alleges acts in furtherance of the conspiracy in both districts. The Maine judge thought that the thirteen counts alleging mailings from Boston charged an offense committed in that district, while the thirteen counts alleging mailings from Maine constituted an offense committed there, and that only the conspiracy count alleged an offense committed in both districts. Since the indictment, under the Hughes Tool Co. decision, could not be chopped up so as to transfer part of the counts to one district and keep the others in the district where prosecution had been brought, the Maine court reached the logical conclusion that the whole transfer to it had been without

3. 28 U.S.C.A. § 1404.

authority of law and ordered the whole matter sent back to where it came from.

We think the logic was all right, but the major premise was wrong. If we can demonstrate the correctness of that conclusion the difficulty in this case will disappear.

The statute says: "Whoever, having devised or intending to devise any scheme or artifice to defraud, * * * shall, for the purpose of executing such scheme or artifice or attempting so to do, *place*, or *cause to be placed*, any letter * * * in any post office * * * or shall *knowingly cause to be delivered* * * * any such letter * * * shall be fined not more than $1,000, or imprisoned not more than five years, or both [emphasis added]."

■ Note that it describes three acts in the disjunctive. The Maine judge thought that those three acts were three separate crimes and he relied upon what we think is inadvertent language in a Second Circuit per curiam opinion to that effect.[4] We do not think that the disjunctive phrases in the statute charge three separate crimes. We think that they describe three alternative means by which one may commit a single crime, namely, use of the mails to defraud. If that is right there is no duplicity in an indictment which charges the statutory crime in the alternative language.

This interpretation which we give to the statute seems to us the fair one. Surely if a man sent one fraudulent letter he could not be convicted and sentenced to consecutive terms for (1) mailing the letter, (2) causing it to be placed in any post office, and (3) knowingly causing it to be delivered. The transaction concerning each letter which he sends is no doubt a separate offense.[5] But we do not think that mailing, causing to be mailed and delivery of one letter constitutes three offenses for which three separate prosecutions will lie.

We think that the Supreme Court has in effect so held in Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 418, 76 L.Ed. 861. There the defendants were prosecuted and convicted in the District of Columbia upon an indictment which charged in one count that they "did place and caused to be placed" in a Scranton, Pennsylvania, post office a letter "to be sent and delivered" to a designated address in the District of Columbia. They moved in arrest of judgment upon the ground that the indictment failed to charge any offense within the District of Columbia and charged only an offense committed in Pennsylvania. The Court said, however, that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination and was received by the addressee. A charge of mailing, therefore, in Pennsylvania of a letter addressed to a person in the District of Columbia charged an offense within the District of Columbia as well as one in Pennsylvania. And such an indictment is not bad for duplicity.[6] The conviction was, therefore, affirmed.

■ It seems to us that this authoritatively disposes of any loose talk about one mailing constituting three offenses. It also seems to hold authoritatively that, other elements of the crime being proved to be present, proof of mailing a letter in a post office in one district properly addressed to a person in another district alleges a crime which may be tried in either district. It

---

4. United States v. Guest, 2 Cir., 1935, 74 F.2d 730. The Maine court also cited In re Henry, 1887, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174 and Mitchell v. United States, 10 Cir., 1944, 142 F.2d 480. In the Henry case, the Supreme Court indicated that each letter gives rise to a separate and distinct offense. The Mitchell case is to the same effect.

5. In re Henry, 1887, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174; Mitchell v. United States, 10 Cir., 1944, 142 F.2d 480.

6. Murray v. United States, 4 Cir., 1917, 247 F. 874. A count is duplicitous only if each offense it alleges requires proof of some fact or element not required to establish the others. Cf. Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, 384–388. The Hagner case teaches that proof of mailing establishes delivery as well. Furthermore, the doing of the prohibited thing, in each and all of the prohibited modes, may be charged in one count. Crain v. United States, 1896, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097; Rowan v. United States, 5 Cir., 1922, 281 F. 137.

being a crime, part of which is committed in one district and part of which is committed in another, Rule 21(b) is applicable. The question of which district is the more appropriate place for trial is then a matter for the discretion of the judge before whom the motion to transfer is made.

That being so, this indictment was properly brought in Massachusetts. The motion to transfer it to Maine was a matter for the discretion of the Massachusetts judge to whom the motion was presented. We have no reason to think that the discretion he did exercise by ordering the transfer to Maine was improperly exercised. Furthermore, the transfer order can no more be reviewed by the District Court in Maine at this stage of the proceedings than it can by us. In any event, the defendant cannot complain about that order because he made the motion to transfer. We think the Maine District Judge was led into error by being pressed with the decision in the Hughes Tool Co. case coupled with the language which indicated that the statutory provision covered three crimes, not one. We think there was too much emphasis on the dictum in United States v. Guest, 2 Cir., 1935, 74 F.2d 730, and too little emphasis upon the decision of the Supreme Court in the Hagner case. The case was properly transferable to Maine and should be tried there.

The appeals will be dismissed.