**UNITED STATES of America,**
**Appellee,**

v.

**Sanford W. BROWN, Appellant.**

**No. 8554.**

United States Court of Appeals
Fourth Circuit.

Argued March 28, 1962.

Decided March 30, 1962.

Sanford W. Brown, in pro. per.

William Medford, U. S. Atty. (Louis F. Oberdorfer, Asst. Atty. Gen., and Joseph M. Howard and Burton Berkley, Attorneys, Department of Justice, on the brief) for appellee.

Before BOREMAN and BELL, Circuit Judges, and FIELD, District Judge.

PER CURIAM.

In an indictment returned in the District Court in the Middle District of North Carolina, the defendant, Sanford W. Brown, was charged with failure to file income tax returns. Defendant moved that court, under Rule 21 of the Federal Rules of Criminal Procedure, 18 U.S.C., for transfer of the case to the Western District, the district of his residence, which motion was denied. He then moved for transfer of the case to the Western District under Rule 20 of the Federal Rules of Criminal Procedure for plea of guilty and disposition, which motion was granted and the case was accordingly transferred.

Prior to arraignment and plea in the District Court for the Western District, defendant filed with the clerk of that court a written motion to dismiss the indictment. The court, having been advised of the filing of the motion to dismiss, entered an order transferring the case back to the Middle District. From this order defendant seeks to prosecute this appeal and the Government objects on the ground that the order is interlocutory and therefore not appealable.

We conclude that the appeal must be dismissed. 28 U.S.C. § 1291 provides that the Courts of Appeals shall have jurisdiction of appeals from all final decisions of the District Courts. The final order in a criminal case is the sentence imposed by the court after a determination of guilt by trial or plea. In Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 82 L.Ed. 204 (1937), the court stated:

" * * * Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' St. Louis, I. M. & S. R. Co. v. Southern Express Co., 108 U.S. 24, 28 [2 S.Ct. 6, 27 L.Ed. 638]; United States v. Pile, 130 U.S. 280, 283 [9 S.Ct. 523, 32 L.Ed. 904]; Heike v. United States, 217 U.S. 423, 429 [30 S.Ct. 539, 54 L.Ed. 821]."

See also Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956).

Appeal dismissed.