Carolyn Eleanor HARRIS, a minor, by Taylor Harris, her guardian and next friend, et al., Appellants-Intervenors,

v.

Linda Sue GIBSON and Brenda Gibson, minors, by Thomas L. Gibson, their father and next friend, and Thomas L. Gibson, individually, et al., Plaintiffs-Appellees,

and

Glynn County Board of Education, a public body existing under the laws of Georgia, et al., Defendants-Appellees.

No. 20871.

United States Court of Appeals
Fifth Circuit.

Sept. 12, 1963.

---

2. Dailey v. United States, 261 F.2d 870 at 872 and cases cited.

Carter Pittman, Dalton, Ga., Geo. L. Leonard, Washington, D. C., B. N. Nightingale, Brunswick, Ga., Barrie L. Jones, Alma, Ga., Alan B. Smith, Brunswick, Ga., for appellees.

Before RIVES, BROWN, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

The minor appellants are six Negro children presently enrolled in the public schools of Glynn County, Georgia. An application for transfer from the Negro high school to Glynn Academy, the white high school in Glynn County on behalf of each minor appellant, some to the eleventh and some to the twelfth grades, was granted by the appellee Board of Education for the 1963–64 school year which commenced on August 28, 1963. On August 27, 1963, the appellee-plaintiffs secured from the United States District Court for the Southern District of Georgia a temporary restraining order, without notice, enjoining the appellee Board of Education from permitting the transfers. On September 6, 1963 that court entered an order styled a "pre-trial order", the effect of which was to continue the temporary restraining order in force to the end of preventing the transfers. Because of this action of the District Court the Board of Education has been prevented from going forward with its voluntary plan of desegregation.

The "pre-trial" order of September 6, 1963 was, in effect, the granting of a preliminary injunction. Our jurisdiction in this regard is based on 28 U.S.C.A. § 1292, Sims v. Greene, 3 Cir., 1947, 160 F.2d 512. See also Missouri-Kansas-Texas R. Co. v. Randolph, 8 Cir., 1950, 182 F.2d 996. We have the power to grant any necessary relief to prevent irreparable damage to the minor appellants, Title 28 U.S.C.A. § 1651. The "pre-trial" order is also a final order within the meaning of 28 U.S.C.A. § 1291 in that it determines substantial rights of the six minor Negro children, and these rights will be irreparably lost if relief is delayed pending final judgment. See United States v. Wood, 5 Cir., 1961,

Constance Baker Motley, New York City, Donald L. Hollowell, Horace T. Ward, Atlanta, Ga., for appellants.

295 F.2d 772, 778; cert. den., 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9; Kennedy v. Lynd, 5 Cir., 1962, 306 F.2d 222, 228; Hodges v. Atlantic Coast Line Railroad Co., 5 Cir., 1962, 310 F.2d 438, 443.

Under the school segregation cases, Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; 349 U.S. 294, 75 S.Ct. 753, 99 L. Ed. 1083; Cooper v. Aaron, 1958, 358 U. S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, the irreparable damage being sustained by appellants consists of being forced to attend a racially segregated school. No comparable injury will be suffered by the appellee-plaintiffs if the motion for injunction pending appeal is granted. This court is of the opinion that there is a strong probability that the appellant-intervenors will ultimately prevail on this appeal on the merits although that question is not now decided.

It follows from what we have said that an injunction pending appeal should be granted. This will also solve the dilemma of the School Board, caught as it is between its own voluntary plan and the preventative order of the District Court, as expressed in their request for direction. To the end that the handling of the matter be restored to local school authorities, see Calhoun v. Latimer, 321 F.2d 302 decided by this court on June 17, 1963, the orders heretofore issued by the District Court as they prohibit these transfers are vacated, and following the procedure outlined in this court's decision in Stell, et al. v. Savannah-Chatham County Board of Education, et al., 5 Cir., 1963, 318 F.2d 425, 428, it is ordered that the District Court for the Southern District of Georgia enter the following judgment and order:

"The defendant-appellees, Glynn County Board of Education, a public body existing under the laws of Georgia; W. A. Whittle, Chairman of the Glynn County Board of Education, A. M. Harris, Jr., S. K. Singletery, G. M. Baumgardner, James Gilbert, Dr. H. L. Moore, D. O. McCook, Jr., C. M. Ellzey, and Edward Drawdy, as members of the Glynn County Board of Education and Ralph Hood, Superintendent of Schools of Glynn County, their agents, servants, employees, successors in office and those in concert with them who shall receive notice of this order be, and they are hereby restrained and enjoined from refusing to admit, enroll or educate the said six minor appellants in the Glynn Academy in the school year 1963–1964 from and after the opening of school on Monday, September 16, 1963."

This order shall remain in effect until the final determination of the appeal of the within case in the Court of Appeals for the Fifth Circuit on the merits, and until further order of this court.

The Clerk is directed to issue the mandate forthwith.