Dory **AUERBACH, David Prosser Randell and Irving Gottlieb, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 22431.

United States Court of Appeals Fifth Circuit.

June 18, 1965.

Petition for Rehearing En Banc Denied July 30, 1965.

John R. Brown, Circuit Judge, dissented.

Joseph J. Lyman, Washington, D. C., for appellants.

Edward A. Kaufman, Asst. U. S. Atty., Miami, Fla., for appellee.

Before JONES, BROWN and BELL, Circuit Judges.

PER CURIAM:

The order of transfer of the district court is not final and hence is not appealable. Holdsworth v. United States, 1st Cir. 1950, 179 F.2d 933; United States v. Brown, 4th Cir. 1962, 301 F.2d 664. The appeal is

Dismissed.

JOHN R. BROWN, Circuit Judge (dissenting):

The Court holds that a decision wholly unreviewable by appeal[1] in any Court any time anywhere, the effect of which is to deprive the appellant of the right to be tried in his home district where he says his witnesses are, is not final. I can think of nothing more awesome or final.

Auerbach was indicted under multiple counts in the District Court for the District of Arizona under 18 U.S.C.A. § 1341 for mail fraud alleged to have taken place in Arizona and in the Southern District of Florida. By proper and timely motion, F.R.Crim.P. 21(b), Auerbach sought and obtained from the Arizona District Court a transfer of this case to the Southern District of Florida. Once the case was lodged in Florida, Judge Charles Fulton, on his own motion entered an Order transferring the case back to Arizona. The record before us is unilluminating on the reasons which led Judge Fulton to this decision, that is, whether on an appraisal of evidential facts bearing on relative convenience, etc., or as a pure matter of law because of the peculiar nature of the crime alleged. Cf. United States v. Choate, 5 Cir., 1960, 276 F.2d 724, 86 A.L.R.2d 1337; United States v. Cashin, 2 Cir., 1960, 281 F.2d 669; 18 U.S.C.A. § 3237 (a). Auerbach has filed an appeal from that Order of retransfer. The Government has moved to dismiss the appeal for want of jurisdiction, and this Court sustains that motion.

This is not only a "final" Order. It is the only Order which Judge Fulton has entered or now can enter. We hold we cannot review it. And clearly, the time has now gone by for Judge Fulton to recall it. Unless we intervene the case perforce is already on its way to Arizona. Upon what basis can the Arizona District Judge review the correctness of the action of Judge Fulton? Does the Arizona Judge have the right to say that Judge Fulton either made a mistake of law or, in the more awesome peremptory language frequently employed, "abused his discretion"? That means that Auerbach must stand trial in Arizona. If he is right in his request for a transfer to Florida, he is not to be subjected to any such arduous, perilous, and costly enterprise even though he might—and the might is a mighty big might—successfully obtain a reversal in the Ninth Circuit from a judgment of conviction. What is the Ninth Circuit to do in the event of a conviction? Does it have sufficient power over Judge Fulton who still sits in Florida four Circuits and 3,500 miles removed to declare that Judge Fulton, amenable in our hierarchial system only through the Fifth Circuit, must undo his Order of retransfer? What sort of mandate could the Ninth Circuit issue? It might, of course, reverse the case with directions to the Arizona District Judge to transfer it back to Florida. But that is what the Arizona Judge did long ago. The difficulty comes from the fact that Judge Fulton, obviously for reasons conscientiously held, differs with the judgment of the Arizona District Judge. The question is: Who is right? Or more precisely, was Judge Fulton right?

Is our system of "finality" so rigid, so unrealistic, so inelastic, so impractical that this impasse goes unreviewed because—of all things—it is not "final"?[2]

---

**1.** As pointed out in note 2, infra, distinction must be made between review by appeal on the one hand and prohibition or mandamus, on the other. On an appeal, the question is whether the trial Court's order was correct. In mandamus the review tests whether, even in making an incorrect decision, the Judge "abused his discretion."

**2.** This problem of "finality" is not to be tested by the vague possibility that some relief might just possibly be available through a petition for mandamus or prohibition. The availability of that remedy is uncertain. More so, the nature of the review in that device is markedly different since it subjects the appellate court to the rigid peremptory standard of

Not less than a half dozen times since 1960, this Court, following the lead of numerous Supreme Court cases,[3] has held that "finality" for appellate purposes is to be judged in practical terms. And in every one of those cases, we have held orders having no greater "finality" than this one to be appealable. United States v. Wood, 5 Cir., 1961, 295 F.2d 772; Kennedy v. Lynd, 5 Cir., 1962, 306 F.2d 222, 228; Hodges v. Atlantic Coastline R., 5 Cir., 1962, 310 F.2d 438, 443; United States v. Mayton, 5 Cir., 1964, 335 F.2d 153, 157; McCoy v. Louisiana State Board of Educ., 5 Cir., 1964, 332 F.2d 915, 917; Harris v. Gibson, 5 Cir., 1963, 322 F.2d 780, 781; Wright, Federal Courts § 101 (1963). Within the last few weeks, the Court for the second time in that case has again announced the rule in the plainest of language. "In determining what is an appealable order * * *, courts look not to terminology, but to 'the substantial effect of the order made.' Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; Ring v. Spina, 2 Cir., 1948, 166 F.2d 546." McCoy v. Louisiana State Board of Educ., 5 Cir., 1965, 345 F.2d 720 [No. 21567, May 24, 1965].

In the face of these decisions the cases pressed by the Government and presumably relied on by the Court do not support the dismissal. United States v. Brown, 4 Cir., 1962, 301 F.2d 664, is a

retransfer within the same State and Circuit compelled by the defendant impliedly withdrawing his plea of guilty on which the initial transfer was obtained under F.R.Crim.P. 20. Yeloushan v. United States, 5 Cir., 1963, 313 F.2d 303, 305, far from supporting dismissal compels our taking the case. Judge Carswell stated the guide for us in words which match the plight of Auerbach: "In the event the damage of error, unreviewed before the judgment is definitive and complete, is deemed greater than the disruption caused by immediate appeal, then an appeal will lie even though the proceeding and order are clearly interlocutory in nature." Holdsworth v. United States, 1 Cir., 1950, 179 F.2d 933, cannot stand in the face of United States v. Woods, supra. More important, that case was a retransfer between Courts within the same (First) Circuit. Unlike our situation, there was a right to an effective appeal. Judge Goodrich for the Court pointed this out most plainly. "The order appealed from here will still be open to correction if and when judgment is reached on the principal issue of appellant's guilt. And by that time there is always the possibility that the prosecution will have failed, so that it may not be necessary for us to pass upon the order at all." 179 F.2d at 935.

An order which is unreviewable through appellate proceedings at any place at any stage at any time which has the effect of denying to a citizen the statutory privilege to be tried in his home district is as final as any the law could conjure up.

"abuse of discretion" in contrast to the broader review by appeal where our function is to determine whether the District Court's decision is right on its intrinsic merits. We have recognized this many times in declining mandamus and permitting resubmission to the trial Court for possible certification and subsequent acceptance by us as an interlocutory appeal under 28 U.S.C.A. § 1292(b). Ex Parte Tokio Marino & Fire Ins. Co., 5 Cir., 1963, 322 F.2d 113, 115; Borskey v. American Pad & Textile Co., 5 Cir., 1961, 296 F.2d 894; In re Humble Oil & Refining Co., 5 Cir., 1962, 306 F.2d 567;

Hadjipateras v. Pacifica, S.A., 5 Cir., 1961, 290 F.2d 697.

3. "The Court has adopted essentially practical tests for identifying those judgments which are, and those which are not, to be considered 'final.' * * * A pragmatic approach to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action': the touchstones of federal procedure." Brown Shoe Co. v. United States, 1962, 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L.Ed. 510, 524–25.

I think it is our duty to determine whether Judge Fulton was right or not.

I therefore dissent.

## ON PETITION FOR REHEARING EN BANC.

The appellants' petition for rehearing en banc is hereby denied.

JOHN R. BROWN, Circuit Judge (dissenting):

To the cases previously cited in my dissent must now be added Gillespie v. United States Steel Corporation, 1964, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199.