UNITED STATES v. HUGHES TOOL
CO. et al.
Cr. No. 10141.

District Court, Hawaii.
July 2, 1948.

E. H. Beebe, of Honolulu, Hawaii (Smith, Wild, Beebe & Cades, of Honolulu, Hawaii, of counsel), for defendants Hughes Tool Co., a Delaware corporation, doing business as Hughes Aircraft Co., Charles A. Loring, Glenn Edward Odekirk, Joseph Petrali.

Ray J. O'Brien, U. S. Atty., and Edward A. Towse, William M. Blatt, and Kenneth E. Young, Asst. U. S. Attys., all of Honolulu, Hawaii, for plaintiff.

McLAUGHLIN, District Judge.

To the five count indictment returned by the Grand Jury for this District, the defendants Hughes Tool Company, a Delaware Corporation, doing business as Hughes Aircraft Company in Los Angeles, California; Charles A. Loring, a Los Angeles attorney; Glenn Edward Odekirk, Hughes Aircraft Company's flight and service director; and Joseph V. Petrali, Hughes Aircraft Company's flight and service assistant director, move, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following § 687, for a transfer of the proceeding to the

United States District Court for the Southern District of California. With the exception of defendant Edward J. O'Connell, Jr., who at the times stated was manager of the Hawaiian office of the War Assets Administration and who is not as yet before this Court, the other defendants (Llewellyn and Woolley) do not resist but in effect join in the motion. The Government, however, does oppose it, especially as to Counts III, IV and V.

Counts I and II of the indictment allege a conspiracy to violate a law of the United States, 18 U.S.C.A. §§ 88 and 80. Of the many overt acts alleged in both of these counts, several of them are described as having occurred in Southern California and in or near Los Angeles where the defendant corporation does its aircraft business. Upon the motion, supplemented by affidavits, representations are made by the four moving Los Angeles defendants that to compel them to stand trial for an unpredictable period some 2,400 miles away from their business and homes would work an unnecessary hardship upon them individually and would seriously impede important experimental work being conducted by the defendant corporation by which two of the individual defendants are employed. The defendant Loring, an attorney, makes substantially the same representations, specifying that he has an important six to eight week trial scheduled in the State courts of California during August and September and that his family is expected to increase in number in August, hence for professional and family reasons his trial should be in Southern California. It is also represented by all individual defendants that trial in Hawaii would either make unavailable important character witnesses or seriously and unnecessarily inconvenience such witnesses. The added cost of local counsel and of producing character witnesses it is said would place an unnecessarily heavy financial burden upon them.

The weight of convenience is stated to thus favor the defendants and the interests of justice to dictate that this proceeding should be transferred.

■ If Counts I and II were the only counts of the indictment, I would not have the slightest hesitation in exercising my discretion in favor of the motion, for in addition to the good reasons assigned certain alleged overt acts said to have occurred in Southern California clearly would also give the United States District Court for the Southern District of California, Central Division, jurisdiction of the offenses alleged in these two counts. Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; Pullin v. United States, 5 Cir., 1939, 104 F.2d 57, certiorari denied, 308 U.S. 552, 60 S.Ct. 97, 84 L.Ed. 464; and as to Rule 21(b) see United States v. National City Lines Inc., S.D.Cal., 1947, 7 F.R.D. 393, for an excellent exposition of its scope and purpose. See also United States v. Johnson, 1944, 323 U.S. 273 at 279, 65 S.Ct. 249, 89 L.Ed. 236, as to available character evidence in a borderline case possibly spelling the difference between liberty and imprisonment.

■ But Counts III, IV and V of the indictment present in relation to the motion a jurisdictional problem of greater difficulty. The Federal Rules of Criminal Procedure make no provision for the segregation and transfer for trial purposes of counts of an indictment. Consequently unless the United States District Court in Los Angeles has jurisdiction of all of these counts, the trial must proceed here where the jurisdiction of all counts is unquestioned.

And that is precisely the movents' argument: that the United States District Court in Los Angeles also has jurisdiction of Counts III, IV and V because, it is said, they are continuing offenses punishable either in the district where the offenses began or in the district where completed, 28 U.S.C.A. § 103.

Count III alleges that the defendants as described in Count I on or about November 26, 1946, at Honolulu, District of Hawaii, jointly did unlawfully make and cause to be made false, fraudulent and misleading statements to the War Assets Administration. In general terms the nature of the false representations alleged are that the defendants made and caused one of the defendants, Llewellyn, a veteran, to represent falsely to the War Assets Administration

that he wished to buy two particular Douglas C-47 airplanes for himself personally under his veterans priority and that he was desirous of purchasing them personally, not as an agent and not for resale, while in fact, it is alleged, said planes were being purchased with funds provided by the Hughes Tool Company and for its benefit, use and account.

Count IV follows the same pattern only it charges that the defendants on December 9, 1946, did make and cause to be made like false representations to the same Government agency in connection with the purchase of two other Douglas C-47 airplanes.

Count V is like Count III only it names a different person, not a defendant, namely one Stanley M. Sabihon, as the applying purchaser under his veterans priority for two Douglas C-47 airplanes, and it charges that on November 26, 1946, the defendants made and caused him to make similar false representations to the War Assets Administration.

■ Relying essentially upon United States v. Johnson, supra, holding that under the Federal Denture Act, 18 U.S.C.A. § 420f et seq., a charge for using the mails in a violation of the Act could be prosecuted only in the district from which the dentures were mailed and not also in the district where delivered, and upon Newton v. United States, 4 Cir., 1947, 162 F.2d 795, affirming D.C., 68 F.Supp. 952, wherein a charge of violating 26 U.S.C.A. Int.Rev. Code, § 3793(b) (1) by aiding, assisting, etc., in the preparation in one district of a false claim filed with the Collector in another judicial district was held to be within the jurisdiction of the district court wherein the assisting occurred upon proof that the false claim was actually filed in the other district, the movants here draw favorable inferences from Counts I and II and from the fact alleged in each count that these movents are residents of the Southern District of California and argue that at least some of the alleged causing must have been done in California, thus upon proof of the making of a false claim providing the District Court in Southern California also with jurisdiction. See generally United States v. Eisler, D.D.C., 1947, 75 F.Supp. 634. The inferences from Counts I and II are plausible, but as a matter of pleading, as each count stands or falls on the strength of its own allegations, inferences from other counts do not spell out a continuous offense when the count in question does not itself state facts sufficient to describe that type of an offense, 27 Am.Jur. "Indictments and Informations" § 192.

Although no such accusation is made, it is pointed out that as the grand jury usually at the Government's request follows a conspiracy charge with a charge of one or more of the overt acts as substantive offenses, the long needed benefits of Rule 21(b) can always be denied a defendant by the simple process of adding counts to a conspiracy charge which allege additionally certain overt acts as specific offenses. This regrettably would seem to be so and may well provide a basis for enlarging the scope of the rule by an amendment so that in appropriate situations a case such as this could be transferred in whole or in part.

■ Here, however, there being no intimation that Counts III, IV and V were added for the sole purpose of denying the benefits of the rule to these defendants, it must be presumed that they were included in the indictment by the Grand Jury as being warranted by the evidence presented to it and out of a sense of the full performance of its duty. Consequently it seems to me that as Counts III, IV and V charge the offenses therein described as made and caused to be made in Honolulu, Territory of Hawaii, within the jurisdiction of this Court—and not also some place else—the requirements of Article III, § 2 of the Constitution and of the Sixth Amendment compel the conclusion that as these offenses are described as having occurred here only, jurisdiction of them would not repose also in the District Court for the Southern District of California. Since, therefore, jurisdiction over all counts of the indictment does not obtain in the district to which the transfer of the case is sought, Rule 21(b) is inapplicable, and the motion must be denied.

An order denying the motion will be signed upon presentation.