UNITED STATES of America

v.

Walter F. TELLIER, Albert Joseph Proctor, Elton B. Jones and Alaska Telephone Corp.

Cr. 44203.

United States District Court
E. D. New York.

June 11, 1956.

Richard J. Burke, and J. Bertram Wegman, New York City, for defendant Tellier (Richard J. Burke, New York City, of counsel).

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. (Paul Windels, Jr., Asst. U. S. Atty., New York City, of counsel), in opposition.

Burns, Currie, Rich, Maloney & Rice, New York City, for defendants Proctor & Jones (Francis Currie, New York City, of counsel).

RAYFIEL, District Judge.

This is a motion for a bill of particulars. The indictment to which it is addressed contains 36 counts, the first 35 of which are substantive counts and charge the defendants with engaging in a scheme to defraud and obtain money from members of the public by making false representations in connection with the offer for sale and the sale of four series of debentures of Alaska Telephone Corporation, hereinafter called Alaska, one of the defendants. The 36th count charges the defendants with conspiring to commit the substantive offenses involved in the first 35 counts. The particulars demanded are too numerous and detailed to be repeated here. Reference will be made to them as they are numbered in the notice of motion.

Under item 1 and its subdivisions particulars are demanded of the agreement between Alaska and the defendant Tellier, referred to in subparagraph "One C" of Count 1 of the indictment, providing for the sale of the Series A debentures. The terms and conditions of the alleged agreement, to which, as the indictment avers, the defendants were parties, should be familiar to them; however, even if not, the defendants are not entitled to the information since the terms and conditions are described in the indictment in considerable detail, and with greater particularity than is required by Rule 7 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The same is true of the agreements involving the sale of Series B and C of the debentures. Furthermore, the agreement is evidentiary in nature, and is not in itself inculpatory. For the foregoing reasons items 1(a), 1(b) and 1(c) are denied.

Under items 2(a), 2(b) and 2(c) the defendants ask that they be in-

formed as to those of their allegedly untrue statements and representations, as well as omissions, made in connection with the sale of the debentures, which are not specifically referred to in subparagraph "One D" of Count 1 of the indictment. The granting of such relief would not only require the Government to reveal its evidence relating to those matters, but would have the effect of limiting the extent of such evidence at the trial. Accordingly, those items are denied.

■ Items 2(d), 2(e) and 2(f), as well as 3(a), 3(b), 5(a), 5(b), 5(c) and 7(a) will be obtainable upon an inspection of the books, papers and records of Alaska, for which provision is hereinafter made.

Inasmuch as the demands made under items 3(c), 5(d) and 7(b) are similar in import to those made under items 1(a), 1(b) and 1(c) they are likewise denied.

Items 4, 6 and 8(a) are denied for the reasons given for the denial of items 2 (a), 2(b) and 2(c).

■ Under items 8(b) and 8(c) the defendants seek information concerning certain commitments alleged to have been made respecting the application of part of the proceeds of the sale of the aforementioned debentures, referred to in Count 1 of the indictment. The nature and substance of the commitments in question are adequately described in the indictment. They are alleged to have been made by the defendants. If that be so, the defendants should be familiar with them. This appears to be an attempt to obtain Government evidence in advance of the trial and, accordingly, items 8(b) and 8(c) are denied.

■ Under item 9 the defendants ask that the Government inform them as to the date or approximate date when it is claimed that the conspiracy alleged in Count 36 commenced, and when the defendants first employed the devices, schemes and artifices referred to in Count 1. The indictment fixes the time as "prior to the 1st day of May, 1951." That is too indefinite. The Government will furnish the defendants with the approximate date.

■ The information sought under items 2(d), 2(e), 2(f), 3(a), 3(b), 5(a), 5(b), 5(c) and 7(a) can be obtained by inspecting the books, records and documents of Alaska. On the argument of the motion herein, Mr. Windels, the Assistant United States Attorney in charge of the case, agreed to make Alaska's books available to the defendants for inspection. However, in or about November, 1955, Alaska filed its petition in the United States District Court for the Western District of Washington for re-organization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and its books, records and other property were delivered to or seized by Richard D. Harris, Trustee in said proceeding, who has since retained possession thereof.

In or about April, 1956, the Securities Exchange Commission moved in the District Court for the Western District of Washington for an order authorizing and directing the said Trustee to deliver Alaska's books and records to it. That application was denied by an order of District Judge Lindberg, dated April 12, 1956, chiefly because the continued possession of the books and records by the Trustee was essential in the performance of his official duties in connection with the estate of the Debtor (Alaska). However, the said order authorized and directed the Trustee to co-operate in the preparation of photostatic copies of said books and records, to have the same certified as true copies, and to furnish them to the Department of Justice, free, however, of any cost or expense to the Debtor or the Trustee.

It appears from the aforementioned order of April 12, 1956, that some of Alaska's records were on that date in the possession of the Securities Exchange

Commission, which obtained them prior to the commencement of the aforementioned Chapter X proceeding.

I am satisfied that the information sought under the items last hereinabove mentioned is required for the proper preparation of the defendants' case for trial.

Accordingly, the United States Attorney will furnsh the defendants with photostatic or other copies, certified as true and correct, of *all* the books, records, documents and memoranda in any manner related to the matters, charges and claims contained in the indictment herein, including any of such records or memoranda as may be in the possession of the Securities Exchange Commission, or, at his option, make the same available to counsel for the defendants at all reasonable hours for inspection and copying. If, upon inspection, such copies appear to be illegible, inadequate or otherwise unsatisfactory counsel for the defendants may apply to this Court for further relief respecting the same. This direction will not apply to certain papers, records and memoranda, photostatic copies of which, as the Court has been informed, have been delivered to counsel for one of the defendants since the argument of the motion herein.

Settle order on notice.

### On Motion to Transfer.

An indictment was filed in this District against the above-named defendants, charging them with conspiracy, and with engaging in a scheme to defraud members of the public by making false representations in connection with the sale of debentures of the defendant Alaska Telephone Corporation, hereinafter called Alaska, which operates telephone and power facilities in several communities in the Territory of Alaska, and maintains its principal offices in the City of Seattle, in the State of Washington.

The acts charged in the indictment are alleged to have been committed in the City of Seattle, in the Western District of Washington, the Borough of Brooklyn, New York City, in this District, as well as in other districts.

The defendants Proctor and Jones have applied under Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order transferring this proceeding as to them to the Western District of Washington. The defendant Tellier joined in said application and moved that the proceeding as to him likewise be transferred to said District.

Rule 21(b), supra, reads as follows: "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

■ Proctor and Jones ground their application upon the following facts: (a) that the defendant Alaska, of which they were officers and directors, pursuant to its underwriting agreement with the defendant Tellier, prepared in the City of Seattle certain offering circulars in connection with the sale of the debentures referred to in the indictment; that they caused them to be mailed to Tellier; that they made no other mailings, offers or inducements; and that if they committed any offense it was committed in Seattle, which is within the jurisdiction of the Western District of Washington. (b) that to require them to stand trial in Brooklyn would impose an unnecessary hardship upon them because

(1) they reside in Seattle

(2) their witnesses reside in Alaska, or in Seattle or elsewhere on or near the west coast of the United States, and could be brought here only at great inconvenience, and at a greater financial burden than they are able to bear.   (c)

that the books and records of Alaska, the production and use of which are indispensable in the trial of this case, are in Seattle, and in the possession of Richard Harris, Trustee in the pending proceeding under Chapter X, 11 U.S.C.A. § 501 et seq., for the reorganization of Alaska, as Debtor.

As to ground (a) viz.: if Proctor and Jones committed any crime it was in the Western District of Washington—it appears to be implicit in the indictment that the basis of many, if not all, of the mail fraud counts was information supplied to Tellier through the very offering circulars mentioned by the defendants, and those counts charge Proctor and Jones with "aiding and abetting", in violation of section 2 of Title 18 U.S.Code. Furthermore, the mailings in question were made from either New Jersey or the Southern or Eastern District of New York, and were received in the latter district. In addition, Proctor and Jones are named as defendants in Count 36, the conspiracy count, and most of the overt acts charged, including those referred to in the 35 substantive counts, were committed in or near the Eastern District of New York.

Rule 21(b), supra, provides that a case may be transferred to a district, "in which the commission of *the* offense is charged." Since multiple offenses are charged in the instant indictment, and the vast majority are alleged to have been committed outside the Western District of Washington, that district would not have jurisdiction of most of the offenses charged in the indictment.

While the foregoing reasons would justify the denial of the motion, I have given consideration to the other grounds urged by the defendants, to wit: the hardship and inconvenience to prospective witnesses, the financial burden to Proctor and Jones, and the absence of the books and records of Alaska, which will be indispensable in the trial of the case. The problem involving the books and records has been resolved by my decision, filed simultaneously herewith, in the defendants' motion for a bill of particulars.

The hardship and inconvenience to prospective witnesses for the Government, if the case were transferred as requested, would be greater than that suffered by the witnesses called by Proctor and Jones to testify at the trial in this District. The Government contends that approximately 1,200 persons residing in New Jersey, New York and Brooklyn purchased Alaska's securities, and many of them are expected to testify at the trial. Most of those named as prospective witnesses for Proctor and Jones are either officers, directors, stockholders, employees or agents of Alaska. Also listed as witnesses are the Referee in Bankruptcy for the Western District of Washington and the Trustee in the aforementioned Chapter X proceeding. All of the substantive offenses and overt acts referred to in the indictment were committed before the Trustee was appointed, and before the Referee first acted in the Chapter X proceeding.

Furthermore, the Government claims that the bulk of the books, records and documents to be used at the trial are those of Colonial Trust Company, which maintains its offices in New York City.

Accordingly, the motion to transfer the proceeding is denied. Settle order on notice.