**UNITED STATES of America,
Petitioner,**

v.

**Honorable Emett C. CHOATE, as United States District Judge for the Southern District of Florida, and the Honorable Daniel H. Thomas, as United States District Judge for the Northern District of Alabama, Respondents.**

**No. 18132.**

United States Court of Appeals
Fifth Circuit.

March 15, 1960.

Rehearing Denied June 29, 1960.

Malcolm R. Wilkey, Asst. Gen. Counsel, Dept. of Justice, Washington, D. C., E. Coleman Madsen, U. S. Atty., Miami, Fla., for petitioner.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

RIVES, Chief Judge.

This case turns upon the application of Rule 21(b), Federal Rules of Criminal Procedure, 18 U.S.C.A., to the transfer to another district of proceedings under a multi-count indictment. Rule 21(b) reads as follows:

"(b) *Offense Committed in Two or More Districts or Divisions.*

"The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

A federal grand jury for the Southern District of Florida returned a forty-four-count indictment against seven defendants. Fifteen counts charge violations of the mail fraud statute, 18 U.S.C.A. § 1341; one count charges a violation of the wire fraud statute, 18 U.S.C.A. § 1343; one count charges a conspiracy in violation of 18 U.S.C.A. § 371; and twenty-seven counts charge violations of the Securities Act of 1933, 15 U.S.C.A. § 77q(a)(1), 77e(a)(1) and 77e(a)(2). From the indictment, as elaborated in bills of particulars, it appears that the commission of most, if not all, of the offenses is charged in two or more districts. As to the offenses charged in a number of the counts, it is quite clear

that one of such districts is the Northern District of Alabama; and it is equally clear as to a number of the other counts that the offense is *not* charged to have been committed in the Northern District of Alabama.

Four of the seven defendants filed a motion for transfer of the entire proceeding, embracing all forty-four counts, to the Northern District of Alabama under the provisions of Rule 21(b), Federal Rules of Criminal Procedure. A fifth defendant later joined in that motion. The court, acting through Judge Choate, granted the motion; ordered the proceeding severed as between the two remaining defendants and the five movants; and further ordered that the entire proceeding, embracing all forty-four counts, as to the five moving defendants, be transferred to the Northern District of Alabama. The Court to which the proceeding was so ordered to be transferred, acting through Judge Thomas, denied the Government's motion to retransfer the proceeding to the Southern District of Florida. The Government petitions for mandamus to require trial of the entire proceeding against all of the defendants in the Southern District of Florida and to prohibit trial of the proceeding as to any of the defendants in the Northern District of Alabama.[1] The respondent judges appear and contest the Government's petition.

The Government insists that an indictment cannot be split for purposes of a transfer under Rule 21(b); that all counts must be transferable before there can be a transfer of any.[2] The respondents express their position as follows: "* * * that if all the requirements of Rule 21(b) have been fulfilled with the single exception of a small minority of the counts of the indictment from a forty-four count indictment not having been committed in the transferee district, the transferee district may acquire jurisdiction of those counts through the defendant's waiver of venue as to them."[3]

Examining first the position assumed by the Government, we do not think that that position is sufficiently supported by the three district court cases upon which it is based (cited in footnote 2, supra); nor do we think that that position is sound in principle.

United States v. Hughes Tool Co., D.C. D.Hawaii, 1948, 78 F.Supp. 409, involved a five-count indictment, the proceedings under two counts of which the district court would have transferred to the Southern District of California but for their joinder with the other three counts which charged offenses not committed in that district. Without considering other rules and reasons which, as will hereinafter appear, lead us to conclude otherwise, the district court announced the construction now claimed by the Government, as follows: "The Federal Rules of Criminal Procedure make no provision for the segregation and transfer for trial

1. "Wherefore, since the Honorable Emett C. Choate lacked power to make this transfer, petitioner prays that this Court issue its writ of mandamus to compel the trial as to all counts against all defendants in the District Court for the Southern District of Florida.

    "Furthermore, since there was no authority to order the transfer, petitioner prays that this Court issue its writ of prohibition to the Honorable Daniel H. Thomas, respondent, to take no further proceedings in this case.

    "Petitioner further prays for all other and further relief as to the Court may seem just in the premises."

2. Citing and relying on three district court cases: United States v. Hughes Tool

Co., D.C.D.Hawaii, 1948, 78 F.Supp. 409; United States v. Erie Basin Metal Products Co., D.C.D.Md.1948, 79 F.Supp. 880, 882; United States v. Tellier, D.C.E.D. N.Y.1956, 19 F.R.D. 164, 168.

3. We find it unnecessary for purposes of the present appeal to pass upon the conclusions and factual inferences implicit in the position of the respondents. As to waiver of venue, the respondents rely upon United States v. Bryson, D.C.D.Cal. 1954, 16 F.R.D. 431, and the authorities there collected, and upon two cases from this Circuit, Silverberg v. United States, 5 Cir., 1925, 4 F.2d 908, and Cagnina v. United States, 5 Cir., 1955, 223 F.2d 149.

purposes of counts of an indictment." 78 F.Supp. at page 410.

In United States v. Erie Basin Metal Products Co., D.C.D.Md.1948, 79 F.Supp. 880, the district court *granted* the motion for transfer of the entire proceeding as to four defendants, and the language of the opinion upon which the Government relies [4] was not necessary for the decision.

In United States v. Tellier, D.C.E.D. N.Y.1956, 19 F.R.D. 164, the court denied a motion to transfer under Rule 21(b) on the ground that the transfer was not in the interest of justice. The statement in the opinion upon which the Government relies [5] does not support the position that all counts must be transferable before there can be a transfer of any.

Rule 21(b) constitutes an innovation in federal practice "designed to eliminate some real and some imaginary abuses which have stirred considerable criticism in the past." Dession, New Federal Rules of Criminal Procedure, 56 Yale Law Journal, p. 225. Much "legislative history" concerning the adoption of the rule is contained in Federal Rules of Criminal Procedure, New York Institute, 1946. Some of the practices which led to the adoption of Rule 21(b) have been collected and detailed by Judge Yankwich in United States v. National City Lines, D.C.S.D.Cal.1947, 7 F.R.D. 393. If all counts of an indictment must be transferable before there can be a transfer of any, then the rule will be almost wholly ineffective to eliminate the abuses at which it is aimed. The Government should not be permitted to choose a forum inconvenient, or even unjust, to the defendant by the simple expedient of joining one or more nontransferable counts.

Rule 21(b) must be construed in pari materia with the other Rules of Criminal Procedure. The word "proceeding" is used in Rule 21(b) in the same broad and inclusive sense [6] in which it is used, for example, in Rules 1, 2, 5, 12(a), and 54(b). The words "as to him" in Rule 21(b) necessarily contemplate the permitting of a separate trial as to separate defendants as provided by Rule 14. See United States v. Erie Basin Metal Products Co., supra, 79 F.Supp. at page 882. The word "offense" *in the singular* is used twice in Rule 21(b) in the same sense as the word "offense" is used in Rules 7, 8, and 14. Rule 7 provides for a separate offense to be charged in each separate count; Rule 8 governs the joinder of offenses and of defendants; and Rule 14 governs relief from prejudicial joinder. While this is implicit rather than expressed, we conclude that Rule 21(b) is carefully drafted so as to permit the court to act upon the motion of any one defendant or any number of defendants and, in connection with Rule 14, to sever and transfer the proceeding under each count separately which charges the commission of the offense in the transferee district.

Finding ourselves thus in disagreement with the Government's position, we come now to examine the insistence of the respondents. Insofar as the respondents insist that venue may be waived, we agree.[7] However, it does not

---

4. "Also, these four moving defendants do not concend, and we conclude that they may not successfully contend, that there may be a transfer of less than the entire proceeding as respects them. That is to say, we conclude there may not be a transfer of one or more, and not of all counts in the indictment as respects them." United States v. Erie Basin Metal Products Co., D.C.D.Md.1948, 79 F.Supp. 880, 882.

5. "Since multiple offenses are charged in the instant indictment, and the vast majority are alleged to have been committed outside the Western District of Washington, that district would not have jurisdiction of most of the offenses charged in the indictment." United States v. Tellier, D.C.E.D.N.Y.1956, 19 F.R.D. 164, 168.

6. That is, as including all possible steps in the criminal case from its inception to judgment and sentence. Black's Law Dictionary, 3rd ed., "Proceeding" and cases there cited.

7. To the cases relied on by the Government, and cited in footnote 2, supra, may be added United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 346; Levine

follow that such waiver can furnish the authority for a transfer of the proceeding under any count to another district. Aside from Rule 21(b), 21(a)[8] and from Rule 20, providing for transfer from the district for the acceptance of a plea of guilty or nolo contendere and sentence, no such authority exists.[9] It is elementary that jurisdiction cannot be conferred by waiver or consent. True, the district courts are national courts vested by Section 3231 of Title 18 U.S.C.A.,[10] with general jurisdiction of all offenses against the laws of the United States. By Article III, Section 2 of the Constitution, however, the judicial power of the United States is limited to "cases" and "controversies." Before jurisdiction attaches in a particular "case," there must be "a suit instituted according to the regular course of judicial procedure." Muskrat v. United States, 1911, 219 U.S. 346, 356, 31 S.Ct. 250, 253, 55 L.Ed. 246. Jurisdiction must be properly invoked. For example, in cases where an indictment is required, lack of indictment goes to the court's jurisdiction.[11] While a defendant may waive the necessity of an indictment, nevertheless, in the absence of a statute or rule providing for the filing of an information, waiver of indictment does not confer power on the court to hear the case on information. As was most recently ruled in Smith v. United States, 1959, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041:

> "Under our view of Rule 7(a), the United States Attorney did not have authority to file an information in this case and the waivers made by petitioner were not binding and did not confer power on the convicting court to hear the case."

We find nothing in Rule 21(b), or in its "legislative history," which would furnish authority for the transfer to the Northern District of Alabama of any count not charging the commission of an offense in that District. Further, since the motion of the five defendants was for transfer of the entire proceeding, embracing all forty-four counts, and no other motion was made to sever and transfer the proceeding under those counts charging the commission of an

v. United States, 8 Cir., 1950, 182 F.2d 556, 558, 559, and the authorities cited in those opinions. Apparently to the contrary and disapproved in Levine v. United States, supra, is United States v. Bink, D.C.Or.1947, 74 F.Supp. 603. In addition, the Advisory Committee on Rules comments:

"3. The rule provides for a change of venue only on defendant's motion and does not extend the same right to the prosecution, since the defendant has a constitutional right to a trial in the district where the offense was committed, Constitution of the United States, Article III, Sec. 2, Par. 3; Amendment VI. By making a motion for a change of venue, however, the defendant waives this constitutional right." Title 18 U.S.C.A., p. 243, Notes of Advisory Committee on Rules to Rule 21, Federal Rules of Criminal Procedure.

8. "Rule 21. *Transfer from the District or Division for Trial*

"(a) *For Prejudice in the District or Division.*

"The court upon motion of the defendant shall transfer the proceeding as to him to another district or division if the court is satisfied that there exists in the district or division where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that district or division."

9. Semel v. United States, 5 Cir., 1946, 158 F.2d 229, 231; United States v. National City Lines, D.C.S.D.Cal.1947, 7 F.R.D. 393, 395; Notes of Advisory Committee on Rules to Rule 21, Federal Rules of Criminal Procedure; Dession, New Federal Rules of Criminal Procedure, 56 Yale Law Journal, p. 225.

10. "§ 3231. *District courts*

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

See United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 345, 346.

11. Ex parte Bain, 121 U.S. 1, 12, 13, 7 S. Ct. 781, 30 L.Ed. 849; Barkman v. Sanford, 5 Cir., 162 F.2d 592; Pugh v. United States, 9 Cir., 212 F.2d 761, 764; United States v. Gill, D.C.N.M., 55 F.2d 399, 404.

offense in the transferee district, the necessary predicate motion of the defendant [12] for the transfer of any count was lacking. Moreover, the district court would have different questions to consider in deciding whether to order a separate trial of counts and a transfer of the proceeding under one or more, but less than all, of the counts. We have examined Rule 21(b) carefully, in connection with its "legislative history" and the abuses at which it is aimed, to discover whether it vests in the district court any such broad discretion as was here attempted to transfer the proceedings as to *all counts* of an indictment upon a determination that a *majority of the counts* charge commission of the offenses in the transferee district. We find no basis whatever for the exercise of so broad a discretion. To repeat, the rule simply permits the court to act upon the motion of any one defendant or any number of defendants, and, in connection with Rule 14, to sever and transfer the proceeding under each count separately which charges the commission of the offense in the transferee district. We hold, therefore, that there has been no effective transfer of the proceeding as to any defendant or as to any count.

■ The Government is not, however, entitled to mandamus, as prayed, to require the trial of all counts against all defendants in the Southern District of Florida; nor is any writ of prohibition needed to prevent a trial in the Northern District of Alabama. The principles announced in this opinion will, we hope, be a sufficient guide for the authority of the court to consider any further motion under Rule 21(b) which may hereafter be filed; and, if no such motion is filed or granted, for the Southern District of Florida to proceed with the trial of the case. The writs prayed for are

Denied.

HUTCHESON, Circuit Judge (specially concurring).

I concur in the opinion of the court that the writs prayed for should be denied.

Believing, however, that the judgment and order was effective to transfer all the counts, I dissent from the views of the majority that it was not.

Rehearing denied; HUTCHESON, Circuit Judge, dissenting.

12. United States v. Erie Basin Metal Products Co., supra, 79 F.Supp. at page 882; see also, Notes of Advisory Committee on Rules quoted in note 7, supra.