**UNITED STATES of America**

v.

**William M. ROSSITER, Gene Z. Hanrahan, John W. Tynan, William T. P. Shea, William C. Baron, Francis J. Weber, Sidney Silverman, Ralph C. Webb, Mark Norwood, and Francis Burke, also known as William Burke.**

Cr. No. 91–59.

United States District Court
D. Puerto Rico,
San Juan Division.

May 24, 1960.

Francisco Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Charles H. Julia, San Juan, P. R., Philip F. Herrick, Washington, D. C., for defendants.

RUIZ-NAZARIO, District Judge.

This action is now before the court on the motion of defendants William M. Rossiter, William P. T. Shea, Mark Norwood, Gene Z. Hanrahan, John W. Tynan and Francis J. Weber, entitled "Motion for Change of Venue".

The motion is predicated on Rule 21(a) and (b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provide for the transfer of the proceeding for trial at another district, upon motion of the defendant, and under the circumstances set out in said rule.

The moving defendants allege as the first ground of their motion that "prejudice against them is so great that they cannot obtain a fair and impartial trial in the District of Puerto Rico". In support of this allegation they attach to their motion seventeen clippings from daily newspapers published in Puerto Rico in the Spanish language with their translations into the English language.

As a second ground of the motion they contend that "the alleged offenses are charged as being committed in the District of Columbia as well as in Puerto Rico and the proceeding in the interest of justice, should be transferred to the other district".

At the hearing of said motion held on May 12, 1960, Charles H. Julia, Esq. appeared for the defendants, and Francisco A. Gil, Jr., Esq., United States Attorney appeared for the United States.

Mr. Julia is the attorney of record not only for the moving defendants, but also for defendants Ralph C. Webb and Mark Norwood.

The indictment has been already dismissed as to defendant William C. Baron, pursuant to motion and order of August 31, 1959.

Defendant Sidney Silverman signed, on November 5, 1959, a consent to the transfer of the case for plea and sentence, under Rule 20 of the F.R.Cr.P., to the Eastern District of Pennsylvania, Philadelphia Division.

The court is now duly advised in the premises.

**I**

Transfer of the proceeding under Rule 21(a).

After giving due consideration to the motion and the exhibits attached to it in support of this point, as well as to the local situation with regard to the

possible constitution of the jury which may be called upon to sit in this action, the trades, businesses, occupations and interests of a majority of the prospective jurors, the local public sentiment in connection with the acts charged against the defendants in the indictment herein and the persons allegedly victimized, the court is fairly convinced that the right of the defendants to obtain a fair and impartial trial in this district would be greatly handicapped by the local prejudice no doubt existing against them in this district.

The interests of justice and the full preservation of the constitutional rights of the defendants, no doubt make it necessary that this proceeding be transferred to another district for trial.

II

Transfer of the proceeding under Rule 21(b).

The defendants allege, and the United States conceded at the hearing of the motion, and it so appears from the indictment, that the offenses charged were committed both in the District of Columbia and in the Commonwealth of Puerto Rico. See Sections 1341 and 3237, Title 18, U.S.C.A.

Under Rule 21(b) of the F.R.Cr.P., if the court is satisfied that in the interest of justice the proceeding should be transferred to the other district in which the commission of the offense is also charged, the requested transfer should be granted.

■ This is a question resting on the sound judicial discretion of the court. See: Holdsworth v. United States, 1 Cir., 179 F.2d 933.

The record here discloses that most of the defendants are in a very precarious financial situation; that some of them do not even have the means to pay their travelling expenses to Puerto Rico, much less their lodging and subsistence expenses here while the trial is going on; that they do not have the financial means to pay the travelling, subsistence and lodging expenses of the witnesses they intend to call in support of their defense; that most of said witnesses live or have their offices in Washington, D. C., in cities in the vicinity of Washington, D. C. or in cities in the mainland; and that the trial herein is expected to last many days.

■ In view of all the above considerations and in view of the court's conclusion, under I above, the court, in the exercise of a sound judicial discretion, finds and is satisfied that in the interest of justice this proceeding should be transferred to the United States District Court for the District of Columbia.

III

Defendants' motion is, accordingly, granted and it is hereby ordered that this proceeding be transferred to the United States District Court for the District of Columbia.

The Clerk is directed to transmit to the Clerk of the United States District Court for the District of Columbia all papers in the proceeding or duplicates thereof and any and all bails taken.