**UNITED STATES of America, Plaintiff,**

**v.**

**Jaime AMADOR CASANAS, Frank Chavez, Luis E. Pagan Colon, Humberto Trias Conde, Defendants.**

**Cr. No. 391–64.**

United States District Court District of Columbia.

Oct. 1, 1964.

**1002**

David C. Acheson, U. S. Atty. for District of Columbia, and Thomas A. Kennelly, Department of Justice, for plaintiff.

Jacques M. Schiffer, Rockville Centre, N. Y., for defendants Casanas and Conde.

Frank Ragano, Tampa, Fla., for defendants Chavez and Colon.

Daniel B. Maher, Washington, D. C., for all defendants.

CURRAN, District Judge.

The defendants in the above-entitled cause have been indicted by a Grand Jury in the District of Columbia for violations of Section 1341 and Section 1343 of Title 18 of the United States Code. Counts 1 through 7 allege a violation of the mail fraud statute and Counts 8 through 21 allege a violation of fraud by wire.

The defendants have filed the following motions:

1. Motion to dismiss
2. Motion for Bill of Particulars
3. Motion to transfer this case to the District of Puerto Rico
4. Motion for production of documents and inspection.

The motion to dismiss and the motion for a Bill of Particulars are denied. The Government, under an appropriate order of this Court designating the time and place, has voluntarily agreed to submit all the items called for in the motion for production of documents and inspection, etc.

The one remaining motion is the one to transfer. Rule 21(b) of the Federal Rules of Criminal Procdure is as follows:

"(b) *Offense Committed in Two or More Districts or Divisions.*

"The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

Also pertinent is Section 3237(a) of Title 18, United States Code:

" § 3237. *Offenses begun in one district and completed in another*

"(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

"Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves."

Venue cannot be established in Puerto Rico for Counts 1 through 7 of the indictment, and it follows, therefore, that those counts cannot be transferred. Only Counts 8 through 21 may be transferred, assuming that this Court has the power to transfer some of the counts

in a multiple count indictment. Rule 21(b), Federal Rules of Criminal Procedure, does not authorize a transfer of the entire case when some of the counts are transferable and others are not.

Rule 21(b), Federal Rules of Criminal Procedure, provides for transfer to another district if it appears from the indictment that the offense was committed in more than one district, and if the Court is satisfied that, in the interest of justice, the proceedings should be transferred to another district in which the commission of the offense is charged.

There is no dispute that Counts 8 through 21 allege an offense committed in both districts, that is, causing wire or radio communication between the District of Columbia and the Commonwealth of Puerto Rico in pursuance of a scheme to defraud in violation of Section 1343 of Title 18 of the United States Code. Counts 1 through 7 charge the offense of causing mail to be delivered in the District of Columbia for the purpose of executing the identical scheme in violation of Section 1341 of Title 18 of the United States Code.

The Government has made a proffer of proof that, at the trial, the evidence will show that the defendants knowingly caused the letters in question to be delivered by mail in the District of Columbia. The Government also says that it cannot prove the letters were mailed in Puerto Rico.

Until United States v. Choate, 276 F.2d 724, 86 A.L.R.2d 1337 (5th Cir., 1960), it was pretty well settled that under Rule 21(b), Federal Rules of Criminal Procedure, a proceeding must be transferred as to the movant in its entirety and that it could not be divided so that some counts were transferred and others were not. Briefly, Choate held that Rule 21 (b), Federal Rules of Criminal Procedure, does not authorize the transfer of the entire case when some of the counts are transferable and some are not; however, it did hold that those counts which are transferable may be severed and transferred when and if it is in the interest of justice for the Court to do so.

The majority of the counts in the indictment are alleged to have been committed in the District of Puerto Rico, as well as in the District of Columbia. The Government should not be allowed to select a forum that is not convenient, and sometimes even unfair, to a defendant by only joining some counts that are non-transferable.

Venue statutes are to be liberally construed so as to minimize inconvenience to a defendant. Rule 21(b), Federal Rules of Criminal Procedure, implements this policy and will allow the selection of the place where the case is to be tried as the interest of justice indicates.

A motion to transfer under Rule 21(b), Federal Rules of Criminal Procedure, is addressed to the sound discretion of the trial court, and in exercising that discretion, the court must be satisfied that it is in the interest of justice.

In determining whether a prosecution for an offense committed in more than one district should be transferred to another in the interest of justice, this Court must consider the rights of the Government, the accused, and the public; curtailment of unnecessary expense; relative cost to the parties involved; their possible embarrassment by reason of absence from their place of business for extended periods of time; length of time of the trial and the comparative condition of the dockets of both courts; and also the relative cost and hardship because of the removal of records into another jurisdiction. See United States v. Erie Basin Metal Products Company, D.C., 79 F.Supp. 880, and also United States v. Rossiter, D.C., 25 F.R.D. 258.

In the instant case, all four defendants are residents of Puerto Rico, five of the six labor unions are located in Puerto Rico and the sixth is located in the Virgin Islands. Of the sixty Government witnesses to be called, thirty are from Puerto Rico; all defense witnesses—some three hundred odd—are residents of Puerto Rico; and the court calendar in Puerto Rico is less congested

than the court calendar in the District Court here. Under these circumstances, this Court concludes that the interest of justice requires that Counts 8 through 21 be transferred to the District of Puerto Rico.

It is, therefore,

Ordered that Counts 8 through 21 of this indictment be severed and transferred to the District of Puerto Rico, and that Counts 1 through 7 are removed from this Court's calendar until such time as this case has been disposed of in the District of Puerto Rico; and it is further

Ordered that the production of documents and inspection shall take ·place in this Court on October 15, 1964, at ten o'clock in the morning; and it is further

Ordered that the motion to dismiss and the motion for Bill of Particulars are denied.