**UNITED STATES of America, Plaintiff,**

**v.**

**Louis M. RAY, Defendant.**

**Crim. No. 747-64.**

United States District Court District of Columbia.

Oct. 2, 1964.

Thomas P. Curran and Stephen Wizner, Attys., Dept. of Justice, Washington, D. C., for the United States.

Sidney S. Sachs and Newton Frohlich, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion by the defendant to transfer this action to the Western District of Louisiana. The motion is predicated on Rule 21(b) of the Federal Rules of Criminal Procedure, which provides that:

> "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

This is a mail fraud case based on alleged fraud committed against the Small Business Administration, the principal office of which is in the District of Columbia.

■ The residence of the defendant and his principal place of business is in the Western District of Louisiana. Manifestly it would be much more convenient for him if the trial of this action were held in his home District. This, however, is not a governing consideration, though it may be given some weight. The Supreme Court stated in Platt v. Minnesota Mining Co., 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674, that it is error to hold that defendants in criminal cases have a constitutionally-based right to a trial in their home districts. On the contrary, the Constitution contemplates that an accused shall be prosecuted in the District where the crime is committed.

This is one of many cases where different parts of the crime are committed in two or more different districts. The Government argues that most of its witnesses are government officials and members of the staff of the Small Business Administration located in the District of Columbia and that the case will largely be based on documentary evidence which is likewise kept in custody in the District of Columbia. Consequently, there are matters of convenience on both sides.

On the other hand, there is a similar prosecution pending against this defendant arising out of another alleged fraud against the same government agency. There, too, the indictment was brought in the District of Columbia, but with the consent of the Government and on motion of the defendant the proceeding was transferred to the Western District of Louisiana.

■ It would seem that both proceedings ought to be tried in the same court and possibly there may be a question of consolidation, although the Court does not indicate any suggestion at this time. In any event, however, it seems to the Court to be wasteful and undesirable, as well as unduly burdensome on the defendant, to have these two proceedings involving similar, although of course not the same charges, tried in two different districts possibly a thousand miles apart. Added to this consideration is the circumstance that the Government has brought a civil suit against the defendant, also in the Western District of Louisiana, arising out of some of the same frauds.

The Court, therefore, reaches the conclusion that it is in the interest of justice to transfer this proceeding to the Western District of Louisiana. There is, however, an obstacle and the obstacle is presented by Count 4 of the indictment. It is far from clear, as one analyzes Count 4 of the indictment, that venue may be laid as to that count in the Western District of Louisiana. There is no allegation that any part or aspect of the offense charged was committed in the Western District of Louisiana and Government counsel orally represented to the Court on the oral argument that they are not in a position to prove that any element of the offense charged in Count 4 was in fact committed in the Western District of Louisiana.

■ In dealing with a motion such as this the Court has authority to sever counts, U. S. v. Choate, 5 Cir., 276 F.2d 724, 727, 86 A.L.R.2d 1337. The Court accordingly will sever Count 4 and will transfer the remaining counts to the Western District of Louisiana.