822 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald A. MARTIN, Defendant-Appellant.
 No. 86-1663
 United States Court of Appeals, Sixth Circuit.
 July 14, 1987.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald A. Martin, defendant-appellant, appeals from his convictions for violating 18 U.S.C. Secs. 666, 1344, 2314 and 2315, as well as 18 U.S.C. Secs. 2 and 371. Defendant was charged with conspiring to use checks, stolen from an institution which receives federal funds, to purchase and transport interstate oriental rugs, and depositing another forged stolen check into a bank account. His sole argument on appeal is that the United States magistrate abused her discretion in denying his motion for a bill of particulars. For the following reasons, we affirm defendant's convictions.
 
 I.
 
 2
 Defendant Martin was indicted on October 17, 1985, along with three coconspirators--William Hawkins, Sheila Kelly and Joyce Swan. The indictment alleged that Martin was a participant in two conspiracies, one taking place from approximately September 1984, to November 5, 1984, and the second occurring between October 10, 1984, and November 1, 1984. Further, one of the alleged overt acts for each conspiracy was that 'on or about October 10, 1984,' defendant Martin had stolen four blank checks from the Highland Park, Michigan School District. These checks were then used to purchase investment quality oriental rugs and to open a bank account.
 
 
 3
 Prior to trial, defendant Martin filed a motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). The defendant requested, inter alia, the specific places, times and dates for each alleged overt act in the conspiracies, as well as the statements and conduct attributed to him in connection with the conspiracies. In an affidavit attached to this motion, Martin's counsel asserted that it was necessary to Martin's defense to know the exact dates involved since Martin was hospitalized from October 4, to October 12, 1984.
 
 
 4
 A hearing on this motion was conducted before a United States magistrate on February 4, 1986. At this hearing, defense counsel expressed concern about the 'on or about' language in the indictment, particularly with respect to the October 10, 1984 date. He noted that the Government would not be limited to that specific date unless a bill of particulars was granted, and he asserted that the Government should be limited to that date to avoid surprise at trial and to enable the development of a defense. The Government countered, stating that it did not have a more precise date as to when the checks were stolen and that it had given defendant all the information available to it. The magistrate thereafter denied defendant's motion, noting that Martin had been afforded full discovery by virtue of the Government's open file policy and that the use of the phrase 'on or about' in an indictment was common practice in the district.
 
 
 5
 On March 26, 1986, immediately prior to trial, the district court inquired about Martin's motion for a bill of particulars. Defense counsel responded that the motion had been denied due to the Government's open file policy and the Government's inability to be more precise with the dates.
 
 
 6
 At trial, an unindicted coconspirator, Walter Tyler, gave damaging testimony against defendant Martin, placing Martin at a series of six meetings between October 26, and November 1, 1984, where a good portion of the conspiratorial planning took place. This series of meetings was referred to by the Government in its opening argument. It was also documented that defendant Martin had, in fact, been hospitalized between October 4, and October 12, 1984. Further, Martin testified in his own behalf that he had not known codefendant Hawkins, codefendant Sheila Kelly, or Walter Tyler prior to trial, and he denied stealing the checks or participating in conspiratorial meetings or related activities. Accordingly, Martin put forth a partial alibi defense as well as a denial defense.
 
 
 7
 Martin was convicted of seven counts in the nine count indictment, including both of the conspiracy changes. He was sentenced to six two-year terms, to be served concurrently, and was ordered to pay a special assessment of $50 on each count. Defendant filed this timely appeal.
 
 II.
 
 8
 Defendant's contention is that prior to trial he was not made aware of the fact that there had been a series of conversations during the last week in October and the first week in November--that he had only been informed of two alleged meetings. He claims unfair surprise and an inability to prepare his defense as a result. Defendant further asserts that the magistrate abused her discretion in denying his motion for a bill of particulars because the surprise at trial could have been avoided if the magistrate had granted his reasonable, prudent request for the specific dates, locations and content of these alleged meetings. He does not renew his challenge of the use of the phrase 'on or about' in the indictment or the Government's failure to provide a specific date on which the checks were stolen. We note in addition that defendant does not challenge the sufficiency of the indictment, nor does he claim that the Government violated its open file policy.
 
 
 9
 The granting of a motion for a bill of particulars filed pursuant to Rule 7(f), Fed. R. Crim. P.,[1] is within the sound discretion of the trial court and is reviewable only under an abuse of discretion standard. Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Kendall, 665 F.2d 126, 134 (6th Cir. 1981), cert. denied, 455 U.S. 1021 (1982). The purposes of a bill of particulars, which should be considered by the court in ruling upon such a motion, are: (1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same defense 'when the indictment itself is too vague and indefinite for such purposes.' United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976); United States v. Haskins, 345 F.2d 111, 114 (6th Cir. 1965). See also United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979); United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972). Once a bill of particulars is filed, it confines the Government's evidence to the particulars furnished, and therefore restricts the Government's proof. Haskins, 345 F.2d at 114. The courts, in ruling upon a motion for a bill of particulars, should accordingly balance the defendant's need for the information against the effect of narrowing the Government's scope of proof.
 
 
 10
 This Circuit has established that the test for determining whether a bill of particulars should issue is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." Kendall, 665 F.2d at 134 (quoting United States v. Roya, 574 F.2d 386, 391 (7th Cir.), cert. denied, 439 U.S. 857 (1978)) (emphasis added by court in Kendall). Without such a showing, the defendant has failed to show that such information is necessary to the preparation of his defense. See Birmley, 529 F.2d at 108 (finding that the indictment was 'sufficiently specific so that a bill of particulars was not required'); Giese, 597 F.2d at 1180 ("To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary.") (quoting 8 R. Cipes, Moore's Federal Practice p7.06, at 7-31 n.1 (2d ed. 1978)).
 
 
 11
 Clearly, a bill of particulars is not to be used as a general discovery device. See Addonizio, 451 F.2d at 64. If there has been full disclosure by the Government, as there was in the instant case, the need for a bill of particulars is obviated. Giese, 597 F.2d at 1180. This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy. Id. Here, the Government maintained an open file policy and defendant was aware of the general content of Tyler's testimony. Defendant does not allege that the Government withheld any information or that it violated its open file policy. The fact that more meetings took place in furtherance of the conspiracy than was originally anticipated cannot form the basis for an abuse of discretion finding. Cf. United States v. Atisha, 804 F.2d 920, 925 (6th Cir. 1986) ('There is always a possibility that new evidence will be discovered, even if the defense was structured around assurances made by the government. This is particularly so when the indictment charges a conspiracy.') (original emphasis), cert. denied, 107 S. Ct. 955 (1987).
 
 
 12
 In the instant case, the indictment was not so vague that the defendant could not discern the nature of the charges pending against him or the time frame in which the alleged acts occurred. See Kendall, 665 F.2d at 134; Birmley, 529 F.2d at 108. In particular, the indictment alleged that conspiracies were in existence between September 1984, and November 5, 1984 (Count I), and between October 10, 1984, and November 1, 1984 (Count III). This is not so indefinite as to require a bill of particulars. Cf. United States v. Tellier, 19 F.R.D. 164, 166 (E.D. N.Y. 1956) ('prior to the 1st day of May, 1951' was found too indefinite for the conspiracy commencement date). His request for every detail about the conspiracy, in fact, can only be characterized as a request for general discovery. Such a request must fail, both because of the Government's full disclosure and because of the fact that the indictment provides him with adequate information to prepare a defense and to avoid future double jeopardy problems.
 
 
 13
 In addition, defense counsel focused solely on the 'on or about' language in the indictment at the trial level in an attempt to restrict the Government to the October 10, 1984 date. Under the circumstances in this case, where a specific date was not known, such a request was properly rejected.
 
 
 14
 Finally, we note that defendant did not object to the opening statement nor did he request a continuance or mistrial on the basis of unfair surprise. These factors cast doubt on defendant's claim that he was prejudiced by 'surprise.' Cf. United States v. Franklin, 704 F.2d 1183, 1191-92 (10th Cir.) (failure to request continuance is relevant factor in determining whether defendant was prejudiced), cert. denied, 464 U.S. 845 (1983). Without a showing of prejudice--i.e., an inability to adequately prepare for trial--we cannot say that the magistrate abused her discretion in denying defendant's motion for a bill of particulars. See Addonizio, 451 F.2d at 64.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Rule 7(f) provides:
 The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.