UNITED STATES of America, Plaintiff

v.

**Mohammad ANVARI–HAMEDANI, Defendant**

**No. 3:04 CR 786.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 4, 2005.

Thomas A. Karol, Office of the U.S. Attorney, Northern District of Ohio, Toledo, OH, for United States of America, Plaintiff.

Mohammad Anvari–Hamedani, Pro se, John Czarnecki, Cooper & Walinski, Toledo, OH, for Mohammad Anvari–Hamedani, Defendant.

### ORDER

CARR, Chief Judge.

This is a criminal case in which the defendant is charged with unlawfully sending large sums of money and some equipment (a water purifier and diesel engine parts) to Iran in violation of Executive Orders 12957, 12959, and 13059, issued by President William J. Clinton pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq.

Pending is the defendant's motion for a bill of particulars. In its response to the motion, the government represents that it has provided "open file" discovery, encompassing its investigatory files, reports, and evidence. The defendant does not dispute his receipt of, or, at least, opportunity for access to these materials. Nonetheless, he claims that he is without sufficient information to be able meaningfully to meet the government's charges.

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him so that he can prepare for trial. *U.S. v. Birmley,* 529 F.2d 103, 108 (6th Cir.1976). The test is whether the indictment is sufficiently specific to inform the defendant of the charges against him, to protect him from double jeopardy, and to enable him to prepare for trial. *U.S. v. Azad,* 809 F.2d 291, 296 (6th Cir.1986).

Where the defendant "is aware of the facts and circumstances leading to this prosecution... a bill of particulars is not necessary in order to avoid surprise at trial or to permit the Defendant to prepare for trial." *U.S. v. Ridley,* 199 F.Supp.2d 704, 708 (S.D.Ohio 2001). Thus, where, as in this case, the government has told the defendant everything it knows, as reflected in its files, which it has opened to the defense, the need for a bill of particulars is obviated. *U.S. v. Giese,* 597 F.2d 1170, 1180 (9th Cir.1979) ("Full discovery also obviates the need for a bill of particulars."); *accord, U.S. v. Martin,* 822 F.2d 1089, 1987 WL 38036, *3 (6th Cir.1987) (Unpublished Disposition); *U.S. v. Austin,* 99 F.R.D. 292, 302 (W.D.Mich.1983) ("[T]he Government has indicated that De-

fendant has had access to the Government's entire investigative file. Such full discovery may obviate the need for a bill of particulars.").

On review of the indictment, I do not find that it is vague, or otherwise fails to apprize the defendant of the essential nature of the charges against him. When read in light of the discovery the government has provided, the defendant has ample notice of what the government claims he did that was unlawful and the evidence that it will use against him. Granting his request for a bill of particulars would not give him any more than what he already has.

It is, accordingly,

ORDERED THAT the defendant's motion for a bill of particulars be, and the same hereby is overruled.

So ordered.